


**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

SARAH B. EVANS
*Assistant Corporation Counsel*
Tel.: (212) 788-1041
Fax: (212) 788-9776

June 22, 2007

**VIA HAND DELIVERY**
Honorable Gerard E. Lynch
United States District Judge
United States Courthouse
500 Pearl Street, Room 910
New York, New York 10007-1581

Re: <u>Theresa McNeil v. The City of New York, et al.</u>, 07 CV 3852 (GEL)

Your Honor:

   I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of defendants City of New York and the New York City Police Department. In that capacity, I write to respectfully request a sixty-day enlargement of time, from June 21, 2007 until August 21, 2007, within which the City and the New York City Police Department may answer or otherwise respond to the complaint. This is the City's first request for an enlargement of time. I have attempted to contact plaintiff's counsel, Thomas Donaldson, Esq., several times in an effort to obtain his consent to this request, however I have been unable to reach him.[1]

   The complaint alleges that plaintiff was falsely arrested on February 16, 2006 and subsequently maliciously prosecuted. In addition to the City of New York and the New York City Police Department, plaintiff names New York City Police Sergeant Ko and several unidentified New York City Police Officers as defendants. Before we can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. An enlargement of time will allow this office to forward to plaintiff for execution an authorization for the release of records sealed pursuant to New York Criminal Procedure Law § 160.50. Pursuant to that statute, all records concerning the arrest and prosecution of plaintiff were sealed by court order upon the termination of the criminal action in favor of plaintiff. Defendants cannot obtain these records without the authorization, and without the records, defendants cannot

---

[1] Defendants apologize for submitting this letter to the Court one day late. I waited an extra day in the hopes of contacting plaintiff's counsel to obtain his consent to the instant request.

SO ORDERED

*[signature]*
GERARD E. LYNCH, U.S.D.J.

6/25/07

properly assess this case or respond to the complaint. Accordingly, the City defendants require this enlargement so that this office may obtain the underlying documentation, properly investigate the allegations of the complaint and fulfill its obligations under Rule 11 of the Federal Rules of Civil Procedure.

   Moreover, we must ascertain whether the individually named officer has been served with the summons and complaint.[2] If service has been effectuated, then pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent the Officer. The Officer must then decide whether he wishes to be represented by this office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain the Officer's written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

   In view of the foregoing, it is respectfully requested that the Court grant the within request. Thank you for your consideration.

                 Respectfully submitted,

                  */s/ Sarah B. Evans*

                  Sarah B. Evans (SE 5971)
                  Assistant Corporation Counsel
                  Special Federal Litigation Division

cc: Thomas Donaldson, Esq. (By fax)
   Attorney for Plaintiff
   Donaldson, Chilliest & McDaniel, LLP
   103 East 125th Street, Suite 1102
   New York, New York 10034
   *Fax*: 212-722-4966

---

[2] Upon information and belief, the individual police officer named in the complaint has not been served with a copy of the summons and complaint in this action. Without making any representations on behalf of Sergeant Ko, assuming service was properly effected, it is respectfully requested that his time to respond to the complaint similarly be enlarged so that his defenses are not jeopardized while representational issues are being decided.