UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

THERESA MCNEIL,

                                    Plaintiff,

-against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER TSUYONG KO
AND POLICE OFFICERS JOHN DOE NUMBERS 1 – 3,
UNKNOWN AND INTENDED TO BE OTHER NEW
YORK CITY POLICE OFFICERS INVOLVED IN THE
OCCURRENCE HEREIN,

                                    Defendants.

**ANSWER BY DEFENDANTS CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT**

07 CV 3852 (GEL)
JURY TRIAL DEMANDED

------------------------------------------------------------------- x

        Defendants City of New York and the New York City Police Department,[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's age, race, and prior criminal record, and admit that plaintiff purports to proceed as stated therein.

        2.      Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

---

[1] Upon information and belief, the individual identified in the caption of the complaint as Police Officer Tsuyong Ko has not been served with a copy of the summons and complaint in this action, and therefore is not a defendant at this time.

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of this Court as stated therein.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that Sergeant Tsuyong Ko was employed by the City of New York as a police officer in February 2006 and assigned to Transit District 3, and that he is currently assigned to the Office of Management and Planning.

8. Paragraph "8" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Paragraph "10" of the complaint sets forth conclusions of law, rather than averments of fact, to which no response is required.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiff purports to proceed as stated therein.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that the City of New York is a municipal corporation existing under the laws of the State

of New York, that City of New York maintains a police department, and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the number of times plaintiff appeared in criminal court and whether she retained an attorney to represent her.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "83"[2] of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "24" of this answer as if fully set forth herein.

26. Deny the allegations set forth in paragraph "84" of the complaint.

27. Deny the allegations set forth in paragraph "85" of the complaint.

28. Deny the allegations set forth in paragraph "86" of the complaint.

29. Deny the allegations set forth in paragraph "87" of the complaint.

30. Deny the allegations set forth in paragraph "88" of the complaint.

31. Deny the allegations set forth in paragraph "89" of the complaint.

32. In response to the allegations set forth in paragraph "90" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "31" of this answer as if fully set forth herein.

33. Deny the allegations set forth in paragraph "91" of the complaint.

34. Deny the allegations set forth in paragraph "92" of the complaint.

35. Deny the allegations set forth in paragraph "93" of the complaint.

36. Deny the allegations set forth in paragraph "94" of the complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of this Court as stated therein.

37. Deny the allegations set forth in paragraph "95" of the complaint.

---

[2] Defendants note that plaintiff has misnumbered the complaint in it is missing paragraphs numbered "25" through "82." To avoid confusion in answering plaintiff's complaint, defendants have noted this mistake but have not renumbered plaintiff's complaint.

38. In response to the allegations set forth in paragraph "96" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "37" of this answer as if fully set forth herein.

39. Deny the allegations set forth in paragraph "97" of the complaint.

40. Deny the allegations set forth in paragraph "98" of the complaint.

41. Deny the allegations set forth in paragraph "99" of the complaint.

42. Deny the allegations set forth in paragraph "100" of the complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of this Court as stated therein.

43. Deny the allegations set forth in paragraph "101" of the complaint.

44. In response to the allegations set forth in paragraph "102" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "43" of this answer as if fully set forth herein.

45. Deny the allegations set forth in paragraph "103" of the complaint.

46. Deny the allegations set forth in paragraph "104" of the complaint.

47. In response to the allegations set forth in paragraph "105" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "46" of this answer as if fully set forth herein.

48. Deny the allegations set forth in paragraph "106" of the complaint.

49. Deny the allegations set forth in paragraph "107" of the complaint.

50. Deny the allegations set forth in paragraph "108" of the complaint.

51. Deny the allegations set forth in paragraph "109" of the complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of this Court as stated therein.

52. Deny the allegations set forth in paragraph "110" of the complaint.

53. In response to the allegations set forth in paragraph "111" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "52" of this answer as if fully set forth herein.

54. Deny the allegations set forth in paragraph "112" of the complaint, except admit that plaintiff purports to proceed as stated therein.

55. Deny the allegations set forth in paragraph "113" of the complaint.

56. Deny the allegations set forth in paragraph "114" of the complaint, except admit that plaintiff purports to demand a trial by jury as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

57. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

58. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

59. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

60. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

61. Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit under state law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

62. There was probable cause for plaintiff's arrest and prosecution.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

63. Punitive damages cannot be assessed against the City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

64. Plaintiff provoked any incident.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

65. The actions of any officers involved were justified by probable cause and/or reasonable suspicion.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

66. To the extent plaintiff asserts state law claims, she has failed to comply with New York General Municipal Law § 50-e.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

67. The New York City Police Department is a non-suable entity.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

68.     Plaintiff's claims may be barred, in part, by the applicable statute of limitations period.

**WHEREFORE,** defendants City of New York and the New York City Police Department request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            October 24, 2007

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                        City of New York
                                        Attorney for Defendants City of New York and the
                                        New York City Police Department
                                        100 Church Street, Room 3-151
                                        New York, New York 10007
                                        (212) 788-1041

                                By:     _____
                                        Sarah B. Evans (SE 5971)
                                        Assistant Corporation Counsel

To:    Thomas Donaldson, Esq. (By ECF and first-class mail)
       Donaldson, Chilliest & McDaniel, LLP
       103 East 125th Street, Suite 1102
       New York, New York 10035

Docket No. 07 CV 3852 (GEL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THERESA MCNEIL,

Plaintiff,

-against-

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER TSUYONG KO AND POLICE OFFICERS JOHN DOE NUMBERS 1 – 3, UNKNOWN AND INTENDED TO BE OTHER NEW YORK CITY POLICE OFFICERS INVOLVED IN THE OCCURRENCE HEREIN,

Defendants.

**ANSWER BY DEFENDANTS CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and the New York City Police Department*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Sarah B. Evans*
*Tel: (212) 788-1041*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................, 2007*

*............................................................. Esq.*

*Attorney for ........................................................*